STATE of Missouri, Respondent,

v.

J. R. RIPPEE, Appellant.

No. 9549.

Missouri Court of Appeals,
Springfield District.

May 13, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Charles B. Blackmar, Special Asst. Atty. Gen., Jefferson City, for respondent.

Ronald L. Little, Keathley & Little, Poplar Bluff, for appellant.

BILLINGS, Judge.

In this appeal from his conviction by a Ripley County jury for second degree burglary [§ 560.070, RSMo 1969, V.A.M.S.] appellant J. R. Rippee seeks reversal, contending that the state improperly was per-

mitted to use a prior statement of one of its witnesses as substantive evidence of appellant's guilt. We agree and reverse and remand.

Appellant and Jimmy Hicks were seen together in appellant's car in Poplar Bluff, Missouri, sometime between 9:00 and 10:00 p. m. on January 9, 1972. About 10:00 p. m. appellant's car was observed pulling onto the highway from the vicinity of Harrison's Liquor Store in Fisk, Missouri, and after driving a short distance going over the railroad "dump" approximately two blocks from the liquor store. Jimmy Hicks was seen breaking and entering the liquor store and apprehended inside the building at about 10:30 p. m. A short time later the appellant was found sitting in his car which was parked over the railroad "dump". Appellant was taken to the liquor store by an officer and there placed under arrest. Hicks told the arresting officers that he had hitch-hiked to Fisk and that no one else was involved in the crime.

Appellant and Hicks were both charged in separate informations with burglary and burglarious stealing in connection with the break-in of the liquor store. Thereafter, Hicks gave a sworn statement in which he stated he and appellant had planned the liquor store burglary and that appellant was involved in the offense. Hicks entered a plea of guilty to the liquor store burglary but had not yet been sentenced at the time of appellant's trial.

Hicks was called as a witness for the state at appellant's trial and after giving his name and address admitted he broke into the liquor store and in reply to the question of how he got to Fisk stated: "I'm going to take the Fifth Amendment from now on out." The court thereupon instructed the witness to answer the question "under pain of contempt." The witness then answered the question by stating he had hitch-hiked to Fisk. Over repeated objections and motions by defendant's at-torney and without any claim of surprise, the state was permitted to cross-examine Hicks in detail about his prior statement wherein he had implicated appellant as a participant in the crime. Appellant admitted he had given the answers contained in the sworn statement. On cross-examination by defendant's counsel witness Hicks stated the prior statement was made in order to get his bond reduced; that the answers contained in the statement were untrue; and, that he had previously told the authorities the appellant was not involved in the crime.

On re-direct examination, the state again went into the matter of the witness' prior statement over objections of defense counsel. The witness denied the truth of the statement. The state then proceeded to offer the statement as an exhibit and over defendant's objections and motion to discharge the jury the statement was received in evidence and the court, of its own motion, called a recess to permit the jurors to read the statement.

Hicks' prior statement was referred to repeatedly by the state in final argument of the case to the jury. A few examples: "First we have the proposition of Jimmy Hicks. Now Jimmy Hicks as admitted on the witness stand and all of the evidence is that he was caught in this place. Now he has plead guilty. The evidence is uncontroverted. He has plead guilty to this offense.[1] Now we get into a proposition that he has made a statement and State's Exhibit Number 1 which was admitted into evidence by this Court and passed to you and I'm sure each of you read it, Jimmy Hicks in that statement, implicated the defendant J. R. Rippee." And, "Ladies and gentlemen of the jury, you read State's Exhibit Number 1 which is the statement of Jimmy Hicks. Of course you heard today here, his denial of this statement. Now I'm not here to defend Jimmy Hicks. Jimmy Hicks has had his day in Court.

---

1. See State v. Fenton, 499 S.W.2d 813 (Mo. App.1973), on propriety of advising jury that defendant's accomplice had entered a plea of guilty to the charge.

Jimmy Hicks is an admitted liar. From this witness stand he admits that he is a liar. However, you do take this into consideration in arriving at your verdict. . . . Of course we know what credibility to give Jimmy Hicks. He admits he's a liar. And the Court tells you what to do with an admitted liar, on who you believe. But let's see what is the most logical story when he tells two stories. You know when a fellow lies and he tells two different stories, you ladies and gentlemen know which one to believe, coupled with everything else that happened."

Our Supreme Court held in State v. Granberry, 491 S.W.2d 528 (Mo. banc 1973), that where prior statements of a witness were not used by the state to impeach the credibility of the witness but, on the contrary, were used as substantive evidence to show the truth of the matters asserted in the statements, a judgment of conviction could not stand. Here the state seeks to justify such use of witness Hicks' statement on the grounds it was a "deposition" and secondly that the separate concurring opinion of Judge Finch in *Granberry*, concurred in by Judge Holman, sets forth the "better-reasoned" rule and should be followed in this case—which rule, the state contends, would permit the contents of Hicks' prior statement to be considered by the jury as substantive evidence of appellant's guilt.

In ruling *Granberry* the principal opinion by Judge Donnelly noted at p. 530: "The rule of evidence which governs our disposition of this case has been denominated the *orthodox view*, was reaffirmed as the law in Missouri in State v. Kinne, Mo.Sup., 372 S.W.2d 62, 68 (1963), and is stated in 133 A.L.R. 1454, at 1455, as follows:

"'The general rule is almost universally recognized that evidence of extrajudicial statements made by a witness who is not a party and whose declarations are not binding as admissions is admissible only to impeach or discredit the witness, and

is not competent as substantive evidence of the facts to which such statements relate.'"

Judge Donnelly then set forth the analysis of the 1935 en banc decision of Pulitzer v. Chapman, 337 Mo. 298, 85 S.W.2d 400, made by Judge Bennick in Woelfle v. Connecticut Mutual Life Insurance Company, 234 Mo.App. 135, 151, 112 S.W.2d 865, 874, as follows:

"In Pulitzer v. Chapman, supra, our Supreme Court did lay down the rule that, so far as concerns the impeachment of a witness by his deposition in the cause, not only may he be impeached by contradictory statements which appear therein, but his contradictory statements may also be accepted as substantive proof of the facts stated so far as they are competent and have probative value. This for the reason that testimony in a deposition is given both under oath and subject to the right of cross-examination, and is therefore not to be characterized as hearsay. However, it is to be noted that the court in its opinion specifically refused to hold that probative value should likewise be accorded to prior extrajudicial statements, and we are therefore left to follow the usual rule in such respects, which is that such statements are admissible only for the purpose of impeachment, assuming, of course, that the case is one where the impeachment of the witness is in order, a situation which we have shown did not exist in the instance under consideration."

After observing the provision of the 1945 Missouri Constitution authorizing depositions in felony cases [Art. I, § 18(b), V.A.M.S.] and the fact that some states had rejected the orthodox view in whole or in part (either by legislative action or court decision) Judge Donnelly concluded the principal opinion as follows at 531:

"We decline the opportunity to reject the *basics* of the *orthodox view* but believe the interests of the public and the ac-

cused will be better served and protected if we adopt the following positions:

(1) we reaffirm the Pulitzer v. Chapman position;

(2) if a witness is present at trial (whether he testifies at trial or not), his deposition, if taken by the State under the provisions of Art. I, § 18(b), supra, is not made inadmissible by the hearsay rule, and, so far as it is admissible under other rules of evidence, may be used by the State and 'accepted as substantive proof of the facts stated' in the deposition. . . ."

State's Exhibit 1 was purportedly taken in connection with the case of State of Missouri vs. Jimmy Hicks, pending in the Circuit Court of Butler County, Missouri. The statement was taken down and transcribed by the official court reporter with the prosecuting attorney of Butler County, witness Jimmy Hicks, and the latter's attorney present. The statement was not signed by the witness and he did not waive his signature. Appellant and his counsel had no notice of and were not present at the proceeding. There was no compliance with Art. I, § 18(b), of the Missouri Constitution. Under no stretch of the imagination can the statement be treated as or considered a deposition in this case, aside from any question of impeachment. It is simply a question and answer statement by a non-party, no more and no less.

We decline the state's invitation to stray beyond the boundaries of the rule in this jurisdiction as enunciated and marked out in *Pulitzer, Kinne,* and the principal opinion in *Granberry.* State v. Woodard, 499 S.W.2d 553 (Mo.App.1973). In its zeal for a conviction the state in the instant case trespassed far beyond the Missouri rule. Such a flagrant violation necessitates a reversal of appellant's conviction.

In view of the foregoing determination we do not deem it necessary to consider other assignments advanced by appellant in this appeal.

The judgment is reversed and the cause remanded.

HOGAN, C. J., STONE and TITUS, JJ., and GREENE, Special Judge, concur.