STATE of Missouri, Respondent,

v.

Donald ROBERTSON, Appellant.

No. 46955.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 24, 1984.

Motion For Rehearing and/or Transfer
to Supreme Court Denied
March 8, 1984.
Application to Transfer Denied
April 16, 1984.

Robert A. Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after a conviction by a jury of robbery in the first degree, a violation of § 569.020, RSMo. 1978. The court found defendant to be a prior offender and sentenced him to thirty years' imprisonment.

On appeal, defendant challenges the sufficiency of the evidence to support his conviction.

The State's principal witness was an employee of the Butler Hill Food Shop. On April 12, 1981, three men entered the shop and one, described by the principal witness as approximately six feet tall, heavy set with a moustache and full beard, came behind the counter, displayed a gun and demanded money. The employee gave the man several hundred dollars and then was locked in a storeroom while the men made their escape.

Police drew a composite sketch of the gunman from the employee's description. After seeing the composite, a police officer suggested to investigating detectives that defendant might be the perpetrator of the crime. Consequently, defendant's photograph, along with others, was shown to the victim. The photograph pictured defendant without a beard; however, one was drawn on the photograph. The victim selected defendant's photograph, saying that it could be the robber. Subsequently, a lineup was held in which defendant was pointed out by the witness.

The robbery victim's in-court testimony concerning the identification of her assailant is highly significant in this case. The witness stated that she had given police a description, they had drawn a composite and she had identified a photograph. The prosecutor then questioned her concerning the line-up she had viewed. The following

transpired when she was shown a photograph of the line-up:

Q: In that line-up did you designate one of those guys to Officer Reinhardt?

A: Yes.

Q: Is he in there now?

A: Yes. I said to Officer Reinhardt, if this man had had a beard, the full beard, it could have been him.

Q: You said it could have been him or did you say it was him?

A: It could have been him. . . .

Moreover, concerning her photographic identification, the victim on cross examination was asked:

Q: In your mind did you positively identify that photograph? Are you sure that is the man, is what I am trying to ask?

A: Not without knowing what that beard looked like, I couldn't positively say.

She was then asked "[c]ould you say for sure that he is the [robber] today?", to which she answered "no."

The state attempted to impeach the witness by establishing that subsequent to the robbery, her son had been dating defendant's cousin. As further impeachment, the state offered the testimony of the officer who had shown her the original photograph and was present at the line-up. Concerning the photograph shown to the victim, the officer was asked:

Q: What did she say?

A: She said she believed that was the man that came in the store.

As to the identification at the line-up, the officer stated as follows:

A: She identified Robertson as the man who robbed her.

Q: Did she say she was certain?

A: Yes, she did.

Q: Did she at that time say anything about she couldn't say because of the beard or anything of that nature?

A: She said that it would have better if he had the beard on but she did believe that he was the person.

There was no other testimony or evidence tying defendant to the robbery. Clearly the State could not make a case solely on the basis of the victim's in-court testimony since she only said that she could not state with certainty that defendant was the robber.

As to other evidence, there is only the testimony of the officer present at what the State contends were her out-of-court identifications. Concerning the photograph, the officer said that the victim had stated that she believed that was the man who came in the store. As to what occurred at the line-up, he stated that she said that she was certain that the defendant was the man who robbed her; however, the officer qualified his statement in response to the next question by saying "she said that it would have been better if he had the beard on but she did believe that he was the person."

■ It is well settled that prior statements of a witness inconsistent with her in-court testimony are admissible to impeach or discredit. E.g. *State v. Davis,* 566 S.W.2d 437, 446 (Mo. Banc 1978), *State v. Granberry,* 491 S.W.2d 528, 534 (Mo. Banc 1973). However, it is equally well settled that testimony such as that offered by the officer cannot be relied upon to make a submissible case. E.g. *State v. Davis,* 566 S.W.2d at 446; *State v. Granberry,* 491 S.W.2d at 530; *State v. Darty,* 619 S.W.2d 750, 753 (Mo.App.1981). In this regard, in *State v. Granberry,* the Supreme Court reaffirmed what is known as the "orthodox" rule. The rule is that while a prior inconsistent statement of a witness who is not a party is admissible to impeach the credibility of the witness, it is not competent as substantive evidence of the facts to which such statements relate. An exception is made for depositions.[1] *Id.* at 530.

---

1. Judge Finch, in his concurring opinion in *Granberry* advocates abolishment of the orthodox rule, thereby permitting testimony such as that of the officer to be used as substantive evidence. *State v. Granberry,* 491 S.W.2d at 533. However, Judge Finch also expresses some reservation as to whether such testimony alone would be sufficient to support a convic-

Therefore, it is erroneous to admit the evidence for its substantive truth or to argue it as proof of the substantive facts to which it relates. *State v. Darty*, 619 S.W.2d at 753.

Applying this rule, the court in *State v. Davis*, 566 S.W.2d 437 (Mo. banc 1978), was compelled to reverse defendant's murder conviction. The court held that prior inconsistent statements made by the witness in conjunction with his guilty plea were improperly used as substantive evidence to link the defendant to the crime. *Id.* at 446. *See also State v. Darty*, 619 S.W.2d 752, 753 (Mo.App.1981); *State v. Rippee*, 512 S.W.2d 235, 237 (Mo.App.1971).

■ That is also the case here. We, of course, recognize that the eye-witness testimony of a single witness, if believed by the jury beyond a reasonable doubt, is sufficient to support a conviction, since the credibility and weight to be given the testimony are matters for the jury. *State v. McNeal*, 539 S.W.2d 722, 727 (Mo.App.1976). However, in the present case, the in-court testimony of the witness did not link the defendant to the robbery. The only way to establish defendant's role in the crime was by reference to the witness' prior identification, as related by the officer. The prior inconsistent statements of this witness, who testified that defendant was not involved in the robbery were admissible as impeachment, but not as substantive evidence to show the truth of the matters asserted in such statements. We can reach no other conclusion but that the officer's testimony was offered to show the truth of the witness' prior identification; doing so, according to the orthodox rule followed in *Granberry* and *Davis*, constitutes reversible error.

Reversed.

KAROHL, P.J., and CRANDALL, J., concur.

tion. *Id.* at 538. That is precisely the situation presented here. The case against defendant hinges on *only* the prior inconsistent statements, and they were offered to prove the truth of the matter asserted in the prior statements.