Opinion issued March 2, 2006










     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00493-CV




CHAD OISTAD, D.C., TIMOTHY MCKINLEY, D.C., ERIC JUNTUNEN,
D.C., JAMES WILDERMUTH, D.C., AND TROY CLARK, D.C., EACH
INDIVIDUALLY AND ON BEHALF OF DWM, P.L.L.C., Appellants

V.

BAKER & HOSTETLER, L.L.P., STRASBURGER & PRICE, L.L.P., AND
IVAN WOOD, Appellees




On Appeal from 215th District Court
Harris County, Texas
Trial Court Cause No. 2003–64277A




MEMORANDUM OPINION
          In addressing the four points of error raised in this appeal, we determine
whether appellants have demonstrated that the trial court abused its discretion when
it struck, dismissed, and then severed the following claims brought against appellees,
Baker & Hostetler, L.L.P., Strasburger & Price, L.L.P., and Ivan Wood: (1) the
counterclaims of appellants Chad Oistad, D.C., Timothy McKinley, D.C., Eric
Juntunen, D.C. and (2) the pleas in intervention of appellants James Wildermuth,
D.C. and Troy Clark, D.C.


 Because no abuse of discretion has been shown, we
affirm the judgment of the trial court.
Background
          DWM, P.L.L.C. is a provider of chiropractic services. Appellants, who are
chiropractors, entered into agreements with DWM to supply chiropractic services, the
terms of which agreement are unknown. In November 2003, DWM sued Oistad,
McKinley, and Juntunen. Though the record does not contain DWM’s petition, the
parties agree that DWM sued Oistad, McKinley, and Juntunen, at least in part, for
breaching the chiropractic services contracts that each had with DWM. 
          On September 17, 2004, Oistad, McKinley, and Juntunen, joined by new
parties, Wildermuth and Troy (sometimes referred to collectively as “the
chiropractors”), filed a “Third-Party Petition,” impleading Marion Danna, D.C. as a
third-party defendant. The chiropractors also named, as third-party defendants,
attorney Ivan Wood, Wood’s former law firm, Baker & Hostetler, L.L.P., and Wood’s
current firm, Strasburger & Price, L.L.P. (sometimes referred to collectively as “the
attorneys”). 
          The chiropractors claimed that they and Danna had agreed to share ownership
and management of DWM. The chiropractors alleged that, over the years, Danna had
acted as the “the de facto Managing Member” of DWM. The chiropractors claimed
that Danna had, while acting in this capacity, engaged in unauthorized conduct to
divest them of their respective ownership interests in DWM, embezzled company
funds, and breached his fiduciary duties. 
          The chiropractors asserted that Wood was DWM’s “general counsel.” The
chiropractors sought to hold Wood, Baker & Hostetler, and Strasburger & Price liable
based on allegations that Wood was aware of Danna’s wrongful conduct. They
claimed that Wood had not only failed to inform them of Danna’s conduct, but had
assisted him in his wrongful acts. 
          The attorneys filed motions to strike the chiropractors’ third-party petition,
contending that the chiropractors had not complied with Texas Rule of Civil
Procedure 38.


 Rule 38 allows a defending party to sue a person not a party to the
action who is or may be liable to him or to the plaintiff for all or part of the plaintiff’s
claim against him.


 The rule requires leave of court when filing a third-party action,
unless the third-party petition is filed within 30 days of the third-party plaintiff’s
original answer.


 
          In support of the motions to strike, the attorneys asserted that the chiropractors’
claims did not comply with Rule 38 in three respects. First, the chiropractors did not
seek contribution and indemnity from the attorneys for DWM’s claims against them,
but instead asserted independent causes of action and sought independent damages. 
Second, the chiropractors had filed their third-party petition more than 30 days after
DWM had served its original answer, without obtaining leave of court. Third,
Wildermuth and Clark could not file a third-party claim because neither were a
“defending party.”
          The chiropractors then filed “Defendants, Oistad, McKinley, and Juntunen’s
First Amended Answer and Counterclaim and Intervenors, Wildermuth and Clark’s
Petition in Intervention” (“the counterclaim/intervention”). The chiropractors each
asserted that they were acting individually and on behalf of DWM in filing the
counterclaim/intervention. They also asserted that the earlier third-party petition had
been mistitled and that the counterclaim/intervention “amends and supercedes” the
earlier third-party petition. 
          The counterclaim/intervention was substantively similar to the third-party
petition. The chiropractors again asserted that Danna had acted to cheat them out of
their ownership rights and profits and that the attorneys had not only failed to disclose
Danna’s conduct, but had assisted him. 
          The counterclaim/intervention also differed from the third-party petition. The
counterclaim/intervention asserted, for the first time, claims against DWM for breach
of contract and quantum meruit. The chiropractors also expounded on their earlier
claims, asserting that Danna’s and the attorneys’ conduct not only amounted to a
breach of their respective fiduciary duties, but that such conduct rose to fraud. The
chiropractors claimed, inter alia, that Danna and the attorneys had conspired to
defraud them. In the alternative, the chiropractors alleged that Danna and the
attorneys had “negligently and intentionally misrepresented to [the chiropractors] the
legal effect of the agreements surrounding the creation of DWM.” They further
alleged that Danna and the attorneys had fraudulently induced them to enter into the
contracts with DWM. The chiropractors claimed the following damages: (1) loss of
distributions, (2) loss of reputation, (3) loss of income, (4) mental anguish, and (5)
loss of payment for services rendered. The chiropractors also pled the equitable
remedy of fee forfeiture for any payments made by DWM to the attorneys.
          The attorneys pursued dismissal of the chiropractors’ claims, contending that
the counterclaims and pleas in intervention were actually third-party claims,
regardless of what the chiropractors were calling them. The attorneys reiterated that
the “third-party claims” should be dismissed for noncompliance with Rule 38. In its
motion to strike, Baker & Hostetler also argued that the legal malpractice claims
brought by the chiropractors should not be joined because whether Wood committed
malpractice was “wholly irrelevant to the contract and other claims among DWM and
the Chiropractors.”
          The chiropractors defended against the striking of the counterclaims and pleas
in intervention, asserting that their claims were not third-party claims brought
pursuant to Rule 38. The chiropractors specifically cited Rule 97(f) as authority to
join the attorneys as additional parties to the chiropractors’ counterclaims against
DWM.


 The chiropractors argued that DWM’s claims against them and their
counterclaims were “inexorably intertwined” and that “[t]he evidence to support [the
chiropractors’] affirmative defenses [to DWM’s claims against them] is identical to
the evidence to be used in support of the claims against Counter-Defendants [DWM,
Danna and the attorneys].” The chiropractors contended that the petition in
intervention was proper because Wildermuth and Clark’s pleas in intervention were
“identical to” Oistad, McKinley, and Juntunen’s counterclaims.
          On January 4, 2005, the trial court signed an interlocutory order granting the
attorneys’ motions to strike and dismissing all claims brought against Wood, Baker
& Hostetler, and Strasburger & Price.


 The attorneys then filed an “Unopposed Joint
Motion to Sever,” seeking to have the chiropractors’ dismissed claims severed from
the main cause. The trial court signed an order granting the motion to sever,
expressly making the January 4, 2005 order dismissing all causes of action against the
attorneys final. 
          The chiropractors filed a motion for new trial, in which they attacked the
judgment on the ground that it was improper to strike their claims against the
attorneys. They argued that Rule 38, governing third-party practice, was inapplicable
to their respective counterclaims and pleas in intervention. The chiropractors also
contended that they had pleaded more than legal malpractice against the attorneys,
asserting that they had also pleaded fraud and conspiracy to commit fraud against all
counter-defendants. They asserted that “where conspiracy is alleged against all
Counter-Defendants, striking one or more of the co-conspirators is improper.” The
chiropractors made no challenge to the severance order in the trial court. 
Striking and Dismissal of Claims
          In their first three points of error, the chiropractors challenge the trial court’s
striking and dismissal of their counterclaims and pleas in intervention. 
A.      Standard of Review
          Trial courts generally have broad discretion in matters such as party joinder,
and their decision on such procedural issues will not be disturbed on appeal absent
an abuse of discretion. See Allison v. Arkansas Louisiana Gas Co., 624 S.W.2d 566,
568 (Tex. 1981); Varme v. Gordon, 881 S.W.2d 877, 882 (Tex. App.—Houston [14th
Dist.] 1994, writ denied); Williamson v. Tucker, 615 S.W.2d 881, 886–87 (Tex. Civ.
App.—Dallas 1981, writ ref’d n.r.e.). Thus, it follows that the proper standard of
review for us to apply in determining whether the trial court properly struck and
dismissed Oistad, McKinley, and Juntunen’s counterclaims is abuse of discretion. 
See Varme, 881 S.W.2d at 882. Review of a trial court’s order on a motion to strike
intervention is also subject to an abuse of discretion standard. See Guaranty Fed.
Savs. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990).
 
          In determining whether the trial court abused its discretion, we review the
record in the light most favorable to the trial court’s actions. Varme, 881 S.W.2d at
882; Cellular Mktg., Inc. v. Houston Cellular Tel. Co., 838 S.W.2d 331, 333 (Tex.
App.—Houston [14th Dist.] 1992, writ denied). Under this standard, we also indulge
every legal presumption in favor of the trial court. Phillips & Akers, P.C. v.
Cornwell, 927 S.W.2d 276, 279 (Tex. App.—Houston [1st Dist.] 1996, no writ). The
trial court abuses its discretion if it acts without reference to any guiding rules or
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.
1985). If we are able to find any authority to support the trial court’s actions, then we
may conclude that the court did not abuse its discretion. Varme, 881 S.W.2d at 882.
B.      Application of Texas Rule of Civil Procedure 38 
          The chiropractors frame their first issue as follows: “The trial court erred to the
extent that it treated Appellants’ claims as third-party claims.” The chiropractors
emphasize that, because they did not assert third-party claims, they were not subject
to the provisions of Rule 38 in filing their counterclaims and pleas in intervention, as
advocated by the attorneys. See Tex. R. Civ. P. 38 (allowing defending party to sue
person who is not a party to action who is or may be liable to him or to plaintiff for
all or part of plaintiff’s claim and requiring leave of court when filing third-party
action, unless third-party petition is filed within 30 days of third-party plaintiff’s
original answer). 
          We agree that the chiropractors’ claims were not third-party claims as
contemplated by Rule 38. A third-party action is not an independent cause of action,
but is derivative of the plaintiff’s claim against the responsible third party. Goose
Creek Consol. Indep. School Dist. v. Jarrar’s Plumbing, Inc., 74 S.W.3d 486, 492
(Tex. App.—Texarkana 2002, pet. denied). Here, the chiropractors did not claim that
the attorneys were liable for the chiropractors’ alleged liability to DWM. That is, as
pled, the attorneys’ alleged liability to the chiropractors was not derivative of the
liability claimed by DWM against the chiropractors.
          Notwithstanding non-application of Rule 38, the chiropractors have not met
their appellate burden to show that the trial court abused its discretion by treating
their claims as third-party claims. Because they are the appellants, the chiropractors
have the burden on appeal to show that the trial court abused its discretion by striking
and dismissing their claims based on non-compliance with Rule 38. See Clade v.
Larsen, 838 S.W.2d 277, 280 (Tex. App.—Dallas 1992, writ denied) (concluding that
appellant had burden on appeal to show that trial court abused its discretion in not
allowing amendment of petition to add new cause of action); see also Simon v. York
Crane & Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex. 1987) (reaffirming that party
that complains of abuse of discretion has burden on appeal to bring forth record
showing such abuse). The record does not reflect the basis or legal theory on which
the trial court struck and dismissed the chiropractors’ claims. As framed, the
chiropractors’ argument that the trial court “erred to the extent that it treated [their]
claims as third-party claims,” without further argument or support in the record, does
not show that the trial court abused its discretion in this respect. 
          We overrule the first point of error.
C.      Adding New Parties Pursuant to Texas Rule of Civil Procedure 97(f)
          In their second point of error, the chiropractors attack the striking and dismissal
of Oistad, McKinley, and Juntunen’s counterclaims against the attorneys. In support
of this point, the chiropractors rely on Texas Rule of Civil Procedure 97(f), which,
with respect to counterclaims, permits the joining of a non-party to a previously or
contemporaneously filed counterclaim. See Tex. R. Civ. P. 97(f). The rule provides
as follows: “Additional Parties. Persons other than those made parties to the original
action may be made parties to a third party action, counterclaim or cross-claim in
accordance with the provisions of Rules 38, 39 and 40.” Id. The chiropractors
advocate that joinder of their counterclaims against the attorneys was proper under
both Rule 39 and Rule 40.
          Rule 39, as it is entitled, governs the “Joinder of Persons Needed for Just
Adjudication.” Tex. R. Civ. P. 39. In their brief, the chiropractors set forth the
provisions of Rule 39. They do not assert that Rule 39 governed the counterclaims
against the attorneys, but instead aver that, “if” Oistad, McKinley, and Juntunen’s
counterclaims against the attorneys fall under this rule, then the trial court abused its
discretion in striking and dismissing those claims. The chiropractors offer no
substantive argument to show that the trial court abused its discretion because the
counterclaims against the attorneys were required to be joined to their counterclaims
against DWM pursuant to Rule 39. Thus, the chiropractors have not met their
appellate burden to show an abuse of discretion in this manner. See Clade, 838
S.W.2d at 280; see also Williamson, 615 S.W.2d at 887 (recognizing that appellant
had to show that trial court abused its discretion in not allowing joinder under Rule
39, even if joinder was proper).
          The chiropractors primarily focus on Rule 40, asserting that the rule “permits”
the counterclaims against the attorneys. Rule 40, which governs the permissive
joinder of parties, provides, in relevant part, as follows:
All persons may join in one action as plaintiffs if they assert any right
to relief jointly, severally, or in the alternative in respect of or arising out
of the same transaction, occurrence, or series of transactions or
occurrences and if any question of law or fact common to all of them
will arise in the action.
Tex. R. Civ. P. 40(a).
          The chiropractors contend that it was improper for the trial court to strike
Oistad, McKinley, and Juntunen’s counterclaims against the attorneys because (1)
Oistad, McKinley, and Juntunen had alleged that Danna and the attorneys “co-conspired to defraud them of their membership in and the profits of DWM;” (2)
overlap existed between “essential elements” of Oistad, McKinley, and Juntunen’s
affirmative defenses to DWM’s claims and their counterclaims; and (3) DWM’s
claims against Oistad, McKinley, and Juntunen and their claims against the attorneys
arose out of “a singular contractual relationship.” The chiropractors conclude that
“[t]he Court cannot properly separate these issues and to do so would invite
inconsistent and contradictory results.” 
          “It is not enough that we cannot see how the court’s exercise of discretion can
be justified. We must be able to see that it cannot be justified.” Williams v. Moers,
240 S.W.2d 336, 342 (Tex. Civ. App.—Galveston 1951, writ ref’d n.r.e.). This we
cannot see. Though it may have been proper for the trial court to have allowed the
counterclaims to be maintained, Rule 40 is permissive rather than mandatory. Seay
v. Hall, 663 S.W.2d 468, 472–73 (Tex. App.—Dallas 1983), aff’d in part, rev’d in
part on other grounds, 667 S.W.2d 19 (Tex. 1984). That is, the plain language of the
rule did not require the trial court to maintain the counterclaims against the attorneys. 
          Undeniably, all of the claims arise from the same general constellation of facts,
and a review of the pleadings reveals an overlap between some affirmative defenses
asserted by the chiropractors to DWM’s claims and the counterclaims pled against the
attorneys. Nonetheless, the relationship alleged between the chiropractors and the
attorneys and the nature of the counterclaims asserted against the attorneys are
distinct from the relationship between the chiropractors and DWM and the
counterclaims brought against DWM. Notwithstanding the commonalities among the
various claims, allowing the counterclaims against the attorneys would engraft the
distinct and nascent claim of legal malpractice onto what is essentially a business
dispute over the ownership of DWM. At the same time, no showing has been made
that the trial court’s striking and dismissal of the counterclaims against the attorneys
destroyed Oistad’s, McKinley’s, and Juntunen’s rights to pursue their surviving
counterclaims against DWM and Danna.



          We also note that there is dearth of case law regarding the scope of Rule 97(f). 
We can, however, look to federal case law interpreting the federal counterpart to Rule
97(f), Federal Rule of Civil Procedure 13(h).


 See Monroe v. Grider, 884 S.W.2d
811, 817 (Tex. App.—Dallas 1994, writ denied) (discussing federal case law
interpreting Federal Rule of Civil Procedure 11 to aid in interpreting Texas
counterpart: Rule of Civil Procedure 13). Regarding the scope of Rule 13(h), one
federal appellate court has concluded, 
Rule 13(h) only authorizes the court to join additional persons in order
to adjudicate a counterclaim or cross-claim that already is before the
court or one that is being asserted at the same time the addition of a
nonparty is sought. This means that a counterclaim or cross-claim may
not be directed solely against persons who are not already parties to the
original action, but must involve at least one existing party.

FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994) (quoting 6 Wright, Miller, &
Kane, Federal Practice and Procedure § 1435, at 270–71 (2d ed. 1990)).
Furthermore, the court elaborated that the “in order to adjudicate a counterclaim”
language means that “the presence of additional parties is either necessary or close
to necessary to the resolution of the counterclaims.” Id. n.13 (emphasis added). 
Thus, at least under federal authority, the relevant inquiry to determine whether the
addition of the counterclaims against the attorneys was proper was not whether such
counterclaims were necessary or close to necessary to resolve DWM’s original claims
against Oistad, McKinley, and Juntunen, or whether the counterclaims against the
attorneys were necessary or close to necessary to resolve the counterclaims against
Danna; rather, the inquiry was whether the counterclaims against the attorneys were
necessary or close to necessary to resolve the originating counterclaim, i.e., the
counterclaim made by Oistad, McKinley, and Juntunen against DWM. 
          As worded in the counterclaim/intervention, the counterclaim against DWM
appears to have been based on breach of contract and quantum meruit, while the
counterclaims against the attorneys were based on legal malpractice, fraud, and
conspiracy. As pled, the trial court could have concluded that the counterclaims
against the attorneys were not necessary or close to necessary to resolve the original
counterclaims made by Oistad, McKinley, and Juntunen against DWM.
          We hold that the chiropractors have not shown that the trial court abused its
discretion in striking and dismissing the counterclaims against the attorneys.
          We overrule the second point of error.
D.      Striking and Dismissal of Pleas in Intervention
          In their third point of error, the chiropractors contend that the trial court “erred
in that it struck and dismissed Intervenors’ [Wildermuth and Clark’s] claims.” The
chiropractors cite Rule 60, which provides that any party may intervene by filing a
pleading, subject to the pleading being struck by the court on the motion of any party. 
Tex .R. Civ. P. 60. They argue that the trial court prohibited Wildermuth and Clark
from “joining this matter.” However, the trial court did not strike, in toto,
Wildermuth’s and Clark’s intervention in this case. Rather, the trial court struck and
dismissed all claims against the attorneys, including those of intervenors Wildermuth
and Clark. By implication, Wildermuth and Clark’s pleas in intervention against
DWM and Danna survived.
          In their brief, the chiropractors assert that the “claims in Intervention are
identical to those counterclaims filed by Oistad, McKinley, and Juntunen.” We have
held that the trial court did not abuse its discretion in striking and dismissing Oistad,
McKinley, and Juntunen’s counterclaims against the attorneys. Wildermuth and
Clark offer no additional argument or authority to show why it was an abuse of
discretion for the trial court to strike and to dismiss their claims against the attorneys. 
That is, Wildermuth and Clark have made no showing why it was an abuse of
discretion for the trial court to strike their pleas in intervention against the attorneys
when it was not an abuse of discretion to strike and dismiss Oistad’s, McKinley’s,
and Juntunen’s counterclaims against the attorneys.
          We overrule the chiropractors’ third point of error.
Severing of Claims
          In their fourth point of error, the chiropractors claim that it was an abuse of
discretion for the trial court to sever their claims against the attorneys. We agree with
the attorneys that this complaint was waived by the chiropractors because it was not
raised in the trial court. To preserve a complaint for appellate review, the
complaining party must have presented a timely objection, motion, or request to the
trial court. Tex. R. App. P. 33.1(a)(1). The record does not show that the
chiropractors raised the severance complaint in the trial court. Thus, it is waived. See
Shank, Irwin, Conant, & Williamson v. Durant, Mankoff, Davis, Wolens & Francis,
748 S.W.2d 494, 501 (Tex. App.—Dallas 1988, no writ) (holding that complaint that
trial court abused its discretion in severing indemnity action was not preserved on
appeal when it had not been raised in trial court).
          We overrule the chiropractor’s fourth point of error.
Conclusion
          We affirm the judgment of the trial court.




                                         Laura Carter Higley
                                         Justice 

Panel consists of Justices Taft, Higley, and Bland.