**Conrad J. ALLISON, et al., Petitioners,**

v.

**ARKANSAS LOUISIANA GAS COMPANY, Respondent.**

No. C–714.

Supreme Court of Texas.

Dec. 2, 1981.

J. E. Jackson, Carthage, for petitioners.

Bankhead & Davis, Tom Bankhead, Carthage, for respondent.

PER CURIAM.

Arkansas Louisiana Gas Company ("Arkansas") filed a condemnation petition to acquire a 40-foot gas pipeline right-of-way across the Allisons' timber land. Arkansas objected to and appealed the award of the commissioners to the trial court. The Allisons, in response to the appeal, asserted a claim for trespass seeking recovery of additional damages for Arkansas' acts of clearing an additional ten-foot strip of timber and pasture grass and pushing timber, tree roots and debris off the right-of-way onto the Allisons' land. The trial court overruled Arkansas' various objections to the trespass claim, admitted evidence of the trespass acts, and submitted special issues as to trespass damage occuring during construction of the Arkansas Louisiana gas pipeline. The jury found in favor of the Allisons on the trespass claim and the trial court awarded damages of $1,000.[1] The court of civil appeals reversed the judgment of the trial court as to the trespass damages, holding that the trial court erred in admitting testimony and submitting to the jury the issue of damages occuring from construction activities. The cause was remanded for a new trial on the trespass claim. 620 S.W.2d 207.

Both parties have filed application for writ of error. Arkansas complains generally of evidentiary rulings by the trial court regarding land owner and expert witness qualification to testify as to land value in a condemnation proceeding. Arkansas additionally asserts reversible error of the entire cause is presented because of the trial court's allowance of the trespass claim and evidence thereunder in a condemnation action. The Allisons urge the sole question of whether a trespass claim may be joined in a condemnation suit. We find no reversible error in the court of civil appeals disposition of the points presented by Arkansas, but grant the application of the Allisons to reach the issue of joinder.

1. The Allisons were also awarded, on the jury verdict, approximately $18,000 as condemnation damages representing the fair market value of the 40-foot right-of-way and diminished value of the remainder of the land.

Under Rule 51(a),[2] a plaintiff or defendant is permitted to join in the same proceeding "as many claims either legal or equitable or both as he may have against an opposing party." *See also* Rule 174, Tex.R. Civ.Pro. (consolidation of actions). Such procedural matters as joinder and consolidation of parties and claims are within the discretion of the trial court. The court's rulings on these matters will not be disturbed on appeal except for abuse of discretion. *Hamilton v. Hamilton*, 154 Tex. 511, 280 S.W.2d 588, 591 (1955); *Lambert v. H. Molsen & Co., Inc.*, 551 S.W.2d 151, 155 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.). The court of civil appeals held the trial court erred in allowing joinder of a trespass claim. The cases relied on by the appeals court, however, pre-date the adoption of the Rules of Civil Procedure. We hold that the present rule allowing joinder of claims is dispositive of the matter and that an action in tort for damages after the taking may be maintained in a condemnation suit. We find this situation analogous to that presented in *Alexander v. City of San Antonio*, 468 S.W.2d 797 (Tex.1971), in which we stated: "[T]he landowner is not to be forced into two trials, one for damages for trespass and another in condemnation in order to obtain full redress ...." A trespass claim may properly be joined and tried as a separate matter in a condemnation suit, subject to the discretion of the trial court, without necessarily influencing the jury's answers to the issues of condemnation damages.

Since the severance and reversal of the trial court's judgment on the trespass claim is contrary to Rule 51(a), we grant the application for writ of error and, under Rule 483, without hearing oral argument, reform the judgment of the court of civil appeals so as to affirm the judgment of the trial court.

**2.** All references are to Texas Rules of Civil Procedure.