Affirmed in Part, Reversed and Rendered in Part, and Memorandum Opinion
filed March 6, 2007








Affirmed in Part, Reversed and Rendered in Part, and Memorandum Opinion filed
March 6, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00746-CV

_______________

 

SILVER LION, INC., Appellant

 

V.

 

ESPERANZA MARTINEZ, Appellee

                                                                                                                                               


On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 802,624

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In this conversion case, Silver Lion,
Inc. (ASilver Lion@) appeals a judgment in favor of 
Esperanza Martinez on the grounds that: (1) the trial court abused its
discretion by denying Silver Lion leave to file an action against third
parties; (2) the evidence is insufficient to support the trial court=s findings of fact and conclusions of
law; and (3) attorney=s fees were not recoverable under the Texas Declaratory
Judgment Act (ADJA@).  We affirm in part and reverse and render in part.

 

 








Background

Dolphin Street, Inc. (ADolphin Street@) leased premises from Silver Lion to
operate a jazz club.  Martinez provided Dolphin Street working capital for
Dolphin Street and Dolphin Street, through its president, Kent Larsen, executed
a promissory note (the Anote@) to Martinez for $163,000.00 and a security agreement,
including as collateral (the Acollateral@) the furniture, fixtures, and equipment of Dolphin Street. 
Silver Lion executed a subordination of any lien interest Silver Lion may have
had then or in the future to Martinez.

After Dolphin Street missed several
payments on the note, Martinez attempted to repossess the collateral by making
demand on Silver Lion.  When Silver Lion refused to release some of the
property Martinez requested, Martinez filed suit against Silver Lion, seeking
damages for conversion of collateral and a declaratory judgment that certain
items of collateral were fixtures and that Martinez had a superior right to
possession of the collateral.  After a bench trial, the trial court entered
judgment awarding Martinez damages on her conversion claim and attorney=s fees, but granting no declaratory
relief.

Third Party Claim   

Silver Lion=s first issue contends that the trial
court abused its discretion by refusing Silver Lion leave to file a Across-complaint@ against Dolphin Street and Larsen,
because they were necessary third parties to this lawsuit.








Procedural matters, such as joinder
of parties or consolidation of claims, are reviewed for abuse of discretion.  Allison
v. Ark. La. Gas Co., 624 S.W.2d 566, 568 (Tex. 1981).  Generally, all
persons may be joined in one action as defendants if a party asserts a right to
relief arising out of the same transaction, occurrence, or series of
transactions or occurrences, and if any question of law or fact common to all
of them will arise in the action.  Tex.
R. Civ. P. 40(a).  Thus, a defendant may assert an action against a
third party who may be liable to him or the plaintiff for all or part of the
plaintiff=s claim against the defendant.  Tex.
R. Civ. P.  38(a).  However, leave of court must be obtained to file a
third-party petition more than thirty days after a defendant serves his
original answer.  Id.  A person who is subject to service of process
must be joined if, in his absence, complete relief cannot be had among those
already parties, or if his interest is so situated that the disposition of the
action in his absence may impair or impede his ability to protect that interest
or subject any of the parties to a substantial risk of incurring multiple or
inconsistent obligations by reason of that interest.  Tex. R. Civ. P. 39(a).

In this case, Silver Lion asserts
that leave should have been granted to file its third party claims because: (1)
adequate relief could not be had between the parties, and Silver Lion=s interests were not protected,
unless Dolphin Street and Larsen were joined; (2) Martinez=s conversion claim against Silver
Lion was derivative of her note claim against Dolphin Street and Larsen, and
the only connection between Silver Lion and Martinez arises from the lease
between Dolphin Street, Larsen, and Silver Lion; (3) Dolphin Street and Larsen=s failure to repay the note and
failure to pay rent to Silver Lion under the lease caused Martinez to file suit
against Silver Lion, when it should have caused Martinez to file suit against
Dolphin Street and Larsen for failing to pay the note; and (4) Dolphin Street
and Larsen were necessary parties to support Silver Lion=s claim of failure of consideration
on the note.

However, none of these contentions
demonstrate how or why Dolphin Street would have been liable to Silver Lion for
any part of Martinez=s conversion claim or declaratory relief claim against Silver
Lion or how complete relief could otherwise not be had without joining Dolphin Street
and Larsen as parties to the suit.  Accordingly, Silver Lion=s first issue fails to demonstrate
that the trial court abused its discretion in refusing leave to join those
parties, and it is overruled.

 

 

 

 








Sufficiency of the Evidence

Silver Lion=s second, third, and fourth issues
argue that the evidence is legally and factually insufficient[1]
to support the trial court=s findings that: (1) the note was supported by consideration;
(2) Martinez had a superior interest in, and was entitled to immediate
possession of, the withheld collateral; and (3) Martinez suffered damages as a
result of Silver Lion=s refusal to relinquish it.[2]

When evaluating a legal sufficiency
challenge, we view the evidence in a light favorable to the verdict, crediting
favorable evidence if reasonable factfinders could, and disregarding contrary
evidence unless reasonable factfinders could not.  City of Keller v. Wilson,
168 S.W.3d 802, 821, 827 (Tex. 2005).  Under a factual sufficiency review, we
weigh and consider all the evidence in the case, setting aside the judgment
only if the evidence is so factually weak, or the verdict so contrary to the
overwhelming weight of the evidence, as to make the judgment clearly wrong and
unjust.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

Consideration








Silver Lion=s second issue challenges the
sufficiency of the evidence that the note was supported by consideration, in
particular, whether Martinez gave any value for the promissory note.  Although
both Martinez and Larsen testified that Martinez provided more than $163,000 in
loan proceeds in conjunction with the note,  Silver Lion contends that the note
and security agreement transaction was a sham to keep the property of Dolphin
Street from other creditors because the security agreement was executed while
Dolphin Street was on the brink of closing.  Silver Lion also argues that there
must be other evidence to corroborate the testimony of Larsen and Martinez
because they were involved in a personal relationship.  However, because Silver
Lion cites no authority for this proposition, and its second issue challenges
only the sufficiency of the evidence to show consideration for the note (and no
other aspects of the transaction), its second issue affords no basis for relief
and is overruled.

Superior Interest

Silver Lion=s third issue challenges the
sufficiency of the evidence to support the trial court=s finding that Larsen had defaulted
on the note (as a condition to finding that Martinez had a superior interest
in, and right to immediate possession of, the collateral pursuant to the
security agreement).

The note provides that payments were
to commence on March 1, 2003 and that, in the event of default in the payment
of any installment of principal or interest when due, Martinez may declare the
entirety of the note immediately due and payable without notice.  The security
agreement provides that, upon default of the note, Martinez may, among other
things, enter any premises where the collateral is located and take possession
of any of it.

Martinez and Larsen each testified
that Dolphin Street had failed to make payments on the note, and Silver Lion=s brief cites no controverting
evidence or legal basis to conclude that a default had not occurred or was
excused.  Therefore, Silver Lion=s third issue fails to demonstrate
the legal or factual insufficiency of the evidence to support the trial court=s finding of default, and it is
overruled.

Evidence of Damages








Silver Lion=s fourth issue challenges the
sufficiency of the evidence to support the trial court=s finding that Martinez suffered
damages from Silver Lion=s withholding of the collateral because: (1) Silver Lion was
operating under the terms of the Management Agreement between it and Larsen and
thus did not exercise unauthorized dominion or control over glasses, plates,
and other equipment; and (2) the brass glass racks and exterior signs were not
trade fixtures to which Dolphin Street was entitled because the racks and signs
were bolted to the ceiling and wall, respectively, and removing them would
require removal of screws and patching of holes.

As to the first contention, Silver
Lion=s brief provides no explanation of
how the Management Agreement was in any way relevant to the exercise of control
over the disputed items.   See Tex.
R. App.  P. 38.1(h).  It therefore affords no basis for relief.

Regarding the second contention, the
trial court found that the brass racks and exterior signs were not fixtures and
could be removed without causing damage to the building.  Silver Lion cites no
authority to support its contention that removing screws and leaving their
holes to be patched constitutes a damage to the building that would defeat
Martinez=s right under the security agreement
to remove those items.  Silver Lion=s fourth issue thus fails to
demonstrate any insufficiency of the evidence and is overruled.

Attorney=s Fees

Silver Lion=s fifth issue asserts that the trial
court abused its discretion by awarding Martinez attorney=s fees because there was no legal
basis for the award.[3]  In
particular, Silver Lion contends that determining whether the sinks, racks, and
signs were fixtures was a necessary step in resolving Martinez=s conversion claim, and, thus,
attorney=s fees could not be awarded under the
Declaratory Judgments Act.








 In this case, attorney=s fees were sought only under the
Declaratory Judgment Act (ADJA@).  See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997).  Attorney=s fees may be awarded under the DJA
in a declaratory judgment proceeding, even to a non-prevailing party.  Id.;
Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998).  Conversely, attorney=s fees may not be awarded under the
DJA in an action for which relief is not available under the DJA.[4] 
Declaratory relief is available only if a justiciable controversy exists that
will be resolved by the declaration sought,[5]
and is not available to settle disputes that are already pending before the
court.  BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990)
(orig. proceeding).  Therefore, there is no basis for declaratory relief when a
party is seeking in the same action a different, enforceable remedy, and a
judicial declaration would add nothing to what would be implicit or express in
a final judgment for the enforceable remedy.   See, e.g.,
Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth, 150 S.W.3d 617,
627 (Tex. App.CAustin 2004, no pet.).  In that event, attorney=s fees are not recoverable under the
DJA.  Id.








In this case, Martinez sought a
declaration that items of collateral in the leased premises were not fixtures
and that Martinez had a superior right to possession of them.  However, because
Martinez=s conversion claim required the same
determinations, the declaratory relief requested would have added nothing to
what was express or implied in granting recovery for conversion.  Because
declaratory relief was therefore not available, attorney=s fees could not be awarded under the
DJA.[6] 
Accordingly, Silver Lion=s fifth issue is sustained, the trial court=s award of attorney=s fees is reversed, judgment is
rendered that Martinez take nothing on her attorney=s fees claim, and the remainder of
the judgment is affirmed.

 

 

 

/s/       Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed March 6, 2007.

Panel consists of Justices Anderson,
Edelman, and Frost.









[1]           In a bench trial, a party is not required
to preserve a complaint in the trial court that the evidence is legally or
factually insufficient.  See Tex.
R. App. P. 33.1(d).





[2]           These findings of fact and/or conclusions
of law relate to the trial court=s
conclusion of law that Silver Lion wrongfully exercised dominion over the
collateral at Dolphin Street to the exclusion of Martinez and, thus, its
imposition of liability against Silver Lion for conversion.  See Dolenz v.
Cont=l Nat=l Bank of Fort Worth, 620
S.W.2d 572, 576 (Tex. 1981) (acknowledging definition of conversion to be the
exercise of dominion over the personal property of another without consent of
the owner and to the exclusion of the owner=s
right of possession); Waisath v. Lack=s Stores, Inc.,
474 S.W.2d 444, 447 (Tex. 1971).





[3]           A party may recover attorney=s fees only if provided for by statute or contract. 
Gulf States Utils. Co. v. Low, 79 S.W.3d 561, 567 (Tex. 2002).





[4]           See, e.g., Martin v. Amerman,
133 S.W.3d 262, 267 (Tex. 2004) (holding that boundary dispute was governed
exclusively by Texas trespass-to-try-title statute and, thus, party could not
alternatively seek relief under DJA in order to recover his attorney=s fees).





[5]           Bonham State Bank v. Beadle, 907
S.W.2d 465, 467 (Tex. 1995).





[6]           See Luth, 150 S.W.3d at 627
(reversing award of attorney=s fees under
the DJA because the declaratory judgment claim presented no new controversy and
added nothing to what would be implicit or expressed in a final judgment for
the conversion and right of property claim); Strayhorn v. Raytheon
E-Systems, Inc., 101 S.W.3d 558, 572 (Tex. App.CAustin 2003, pet. denied) (affirming trial court=s denial of attorney=s fees under the DJA because the request for statutory interpretation
was redundant to the suit for a refund); Kenneth Leventhal & Co. v.
Reeves, 978 S.W.2d 253, 258 S59
(Tex. App.CHouston [14th Dist.]1998, no pet.) (reversing award of
attorney=s fees because party cannot use declaratory relief,
identical to his breach of contract claim, to recover attorney=s fees that are not otherwise available); Barnett
v. City of Colleyville, 737 S.W.2d 603, 606S07 (Tex. App.CFort Worth 1987, writ denied) (holding that attorney=s fees cannot be recovered when judgment for the
abatement of a public nuisance was inclusive of the litigated issues and could
not be divided into declaratory and coercive aspects).