Opinion issued November 24, 2020



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00353-CV

———————————

**EARNEST TAYLOR AND LISA TAYLOR D/B/A T&S ENTERPRISES,**
**Appellants**

**V.**

**ALFRED CANTU, LYNN A. CANTU, VELA RANCH, L.L.C., AND**
**BRAZORIA COUNTY, Appellees**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 81916-CV**

---

## MEMORANDUM OPINION

Appellants Earnest Taylor and Lisa Taylor d/b/a T & S Enterprises appeal the

trial court's orders granting summary judgment in favor of appellees Brazoria

County and Alfred and Lynn A. Cantu on the Taylors' trespass-to-try-title and

nuisance claims and declaratory judgment. In five issues, the Taylors contend that the trial court erred in (1) awarding attorney's fees to the Cantus because the fee awards are supported by legally insufficient evidence; (2) granting traditional and no-evidence summary judgment in favor of the Cantus based solely upon the Cantus' adoption of appellee Brazoria County's traditional and no-evidence summary judgment motions against the Taylors; (3) granting no-evidence summary judgment in favor of Brazoria County because the ground on which the motion was based is not an appropriate ground for a no-evidence summary judgment motion; (4) granting Brazoria County's no-evidence and traditional motions for summary judgment on the Taylors' trespass-to-try-title and nuisance causes of action because the Taylors did not plead those causes of action against Brazoria County; and (5) signing the declaratory judgment because the Taylors were no longer parties to the lawsuit at the time the trial court signed the declaratory judgment, and appellees failed to join them. We affirm in part and reverse and remand in part.

## Background

On June 3, 2015, the Taylors filed suit against the Cantus asserting claims for trespass-to-try-title and nuisance. In their petition, the Taylors alleged that they were the owners of a tract of land located in Brazoria County and that the Cantus trespassed on their property and caused damage to it, thereby creating a permanent nuisance. The Taylors sought to recover actual damages, exemplary damages,

2

attorney's fees, a temporary restraining order, a temporary injunction, and court costs. On June 3, 2015, the trial court granted the Taylors' application for a temporary restraining order and set a hearing on their application for a temporary injunction for June 12, 2015.

On June 10, 2015, Brazoria County intervened in the suit, seeking a temporary and permanent injunction against the Taylors as well as declaratory relief. In its petition, Brazoria County alleged that the property in question—a forty-foot wide platted road/right-of-way that abuts and is perpendicular to County Road 192—was dedicated to the public as reflected in a 1911 Plat. Brazoria County further alleged that the Taylors, despite being previously notified that a public road/right-of-way existed that was dedicated to the public, repeatedly attempted to block and deny the public's access to the road/right-of-way.

On June 22, 2015, the Cantus filed their original answer. That same day, the trial court signed an order denying the Taylors' request for a temporary injunction.

On October 1, 2018, the Cantus filed their original counterpetition and applications for temporary restraining order, temporary injunction, and permanent injunction, and for declaratory relief. In their pleading, the Cantus alleged that the Taylors do not own the forty-foot road/right-of-way dedicated to the public. The Cantus sought a declaration that the Taylors have no ownership interest in the platted road/right-of-way which is, and continues to be, dedicated to the public. The Cantus

3

also requested temporary and permanent injunctive relief preventing the Taylors from obstructing access to the property in question and interfering with, among other things, the Cantus' right to use the disputed property and requested an award of trial and appellate attorney's fees. That same day, the trial court granted the Cantus' application for a temporary restraining order and set it for hearing on October 18, 2018.

On October 10, 2018, Brazoria County filed its second amended original petition in intervention and requests for temporary and permanent injunctive relief and declaratory judgment. In its amended pleading, Brazoria County alleged that the Taylors' property had been sold at foreclosure on December 6, 2016, and that the current property owner was Vela Ranch, L.L.C., which Brazoria County sued as a third-party defendant in its second amended petition. Brazoria County further alleged that, despite a successful foreclosure, the Taylors continued to occupy the property and obstruct use of the public road/right-of-way. Brazoria County sought injunctive relief preventing the Taylors from interfering with the public's right to use the road/right-of-way as well as a declaratory judgment that the Taylors have no ownership interest in the title to the road in question and that the road/right of way is public.

On October 18, 2018, the trial court held a temporary injunction hearing. At the conclusion of the hearing, the trial court signed a temporary injunction order

4

granting injunctive relief against the Taylors. The trial court found, among other things, that the property in question "is a 40' wide platted road dedicated to the public as reflected in a 1911 Plat," and that the Taylor had "obstructed . . . access" to the dedicated public right-of-way, "interfered with" others' "use of and access to" it, and failed to provide evidence to show "they owned any property adjoining" it. The trial court further ordered the Taylors to "refrain from obstructing access to" the dedicated public right-of-way, "refrain from interfering with Defendants' right to use" it, "refrain from interfering with the construction of [the Cantus'] house … [and] the installation of electrical poles and utilities within" the dedicated public right-of-way.[1]

On November 29, 2018, Brazoria County filed a hybrid traditional and no-evidence motion for summary judgment against the Taylors. In its motion, Brazoria County asserted that the Taylors do not own the dedicated public right-of-way or any adjoining property and, therefore, they lack standing. It further argued that the Taylors' lack of standing negated an essential element of their trespass-to-try-title and nuisance claims. The Cantus filed a written adoption of Brazoria County's summary judgment motion on November 30, 2018. On December 12, 2018, the

---

[1] The Taylors filed an interlocutory appeal of the trial court's temporary injunction order which this Court dismissed as moot on June 20, 2019. *See Taylor v. Cantu*, No. 01-18-01027-CV, 2019 WL 2528202, at *2 (Tex. App.—Houston [1st Dist.] June 20, 2019, no pet.).

Taylors filed their summary judgment response. On December 17, 2018, Brazoria County filed objections, motion to strike inadmissible evidence, and summary judgment reply.

On December 21, 2018, the trial court signed three orders (1) sustaining Brazoria County's objections and striking the objected-to evidence; (2) granting Brazoria County's traditional and no-evidence summary judgment motions; and (3) granting the Cantus' traditional and no-evidence summary judgment motions and awarding them $15, 300 in trial attorney's fees, $20,000 in appellate attorney's fees if the Taylors unsuccessfully appeal to the court of appeals, and $20,000 if the Taylors unsuccessfully appeal the order to the Texas Supreme Court. The three orders dismissed the Taylors with prejudice.

On January 18, 2019, the Taylors filed a motion for new trial and, alternatively, a motion for reconsideration of the final summary judgments granted in favor of Brazoria County and the Cantus. The motion was subsequently overruled by operation of law.

On March 6, 2019, Brazoria County and the Cantus filed a motion for summary judgment—declaratory judgment. They requested a declaration that (1) the dedicated public right-of-way was dedicated to the public; (2) it remains dedicated to the public; (3) it is forty-feet wide; (4) no one shall obstruct others' access to and use of it; and (5) a fence is located within the dedicated public right-

6

of-way, impeding the public's access to and use of it.  The Taylors filed a response and objection to the motion for summary judgment—declaratory judgment on April 5, 2019.

On April 9, 2019, the trial court entered an order striking the Taylors' late response and granting declaratory judgment.  This appeal followed.

**Issues Pertaining to Cantus**

In their first issue, the Taylors contend that the trial court erred in awarding attorney's fees to the Cantus because the fee awards are supported by legally insufficient evidence.  In their second issue, they argue that the trial court erred in granting traditional and no-evidence summary judgment in favor of the Cantus based solely upon the Cantus' adoption of Brazoria County's summary judgment motion.

**A. Attorney's Fees**

In its December 21, 2018 order, the trial court awarded to the Cantus $15,300 in reasonable and necessary attorney's fees, $20,000 in reasonable and necessary attorney's fees if the Taylors unsuccessfully appeal the order to the court of appeals, and $20,000 in reasonable and necessary attorney's fees if the Taylors unsuccessfully appeal the order to the Texas Supreme Court.  Citing the Texas Supreme Court's recent decision in *Rohrmoos Venture v. UTSW DVA Healthcare*, LLP, 578 S.W.3d 469 (Tex. 2019), the Taylors contend that all three awards of trial and appellate attorney's fees are supported by legally insufficient evidence.

The Cantus sought attorney's fees pursuant to the Uniform Declaratory Judgments Act ("UDJA"). Section 37.009 of the Act provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. The UDJA "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court's award of attorney's fees under the UDJA is reviewed for an abuse of discretion. *See id.* at 20–21. A trial court abuses its discretion by awarding fees when there is insufficient evidence that the fees were reasonable and necessary, or when the award is inequitable or unjust. *Id.* at 21.

To determine the amount of attorney's fees to be awarded, Texas follows the lodestar method, which is essentially a short-hand version of the *Arthur Andersen* factors.[2] *Rohrmoos Venture*, 578 S.W.3d at 496. The lodestar method requires the fact finder to determine the amount of reasonable attorney's fees by first determining the reasonable hours spent by counsel in the case and the reasonable hourly rate for counsel's work. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012).

---

[2]     *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

8

The fact finder then multiplies the number of hours counsel worked on the case by the applicable rate, the product of which is the base fee or lodestar. *Id.*

It is the fee claimant's burden to provide sufficient evidence of both the reasonable hours worked and the reasonable hourly rate. *Rohrmoos Venture*, 578 S.W.3d at 498. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed; (2) who performed those services; (3) approximately when the services were performed; (4) the reasonable amount of time required to perform the services; and (5) the reasonable hourly rate for each person performing such services. *See id.*; *see also City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013) (per curiam) ("In *El Apple*, we said that a lodestar calculation requires certain basic proof, including itemizing specific tasks, the time required for those tasks, and the rate charged by the person performing the work.").

Conclusory or general testimony devoid of specifics will not support a fee award. The Supreme Court of Texas has consistently held that evidence of attorney's fees is insufficient under the lodestar method when counsel fails to indicate how the aggregate time spent in the case was devoted to any particular tasks or category of tasks. *See Rohrmoos Venture*, 578 S.W.3d at 505; *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (per curiam); *Montano*, 414 S.W.3d at 736; *El Apple*, 370 S.W.3d at 763.

We now consider the Cantus' evidence offered in support of their request for attorney's fees. To their summary judgment motion, the Cantus attached an affidavit from their attorney, Justin R. Gilbert, who attested to the Cantus' reasonable and necessary attorney's fees. Gilbert testified that he spent fifty-one hours prosecuting this suit by (1) investigating claims; (2) drafting pleadings and responses; (3) collecting evidence; (4) preparing for and attending hearings; and (5) taking other necessary actions to perform his legal services properly. He testified that his hourly billing rate is $300, and that, based on the fee arrangement with the Cantus, the Cantus incurred attorney's fees in the amount of $15,300 through the date of the submission of the summary judgment motion. Gilbert stated that, in his opinion, the reasonable value of the attorney's fees necessarily incurred by the Cantus were as follows: (1) $15,300 for representing the Cantus in trial and through entry of judgment; (2) $20,000 for representing the Cantus on appeal to the Court of Appeals; and (3) $20,000 for representing the Cantus on appeal to the Supreme Court of Texas. He further testified that the fees charged in this case were those customarily charged in this area for the same or similar services for an attorney with his experience, reputation, and ability, considering the matters in controversy, the amount in controversy, and the limitations imposed.

As in *El Apple* and *Rohrmoos Venture*, Gilbert did not indicate how the hours that he spent in the aggregate were devoted to any particular task or category of

10

tasks. *See El Apple*, 370 S.W.3d at 763–65; *Rohrmoos Venture*, 578 S.W.3d at 505. Instead, he stated that he spent fifty-one hours performing various categories of activities related to the case. "While all this is relevant, it provides none of the specificity needed for the trial court to make a meaningful lodestar determination." *El Apple*, 370 S.W.3d at 763. Moreover, Gilbert did not submit time records or other documentary evidence to substantiate or explain how the hours were spent, when the services were performed, or the reasonable amount of time necessary to perform each service. *See El Apple*, 370 S.W.3d at 763 ("Without at least some indication of the time spent on various parts of the case, a court has little basis upon which to conduct a meaningful review of the fee award."). Simply put, Gilbert's testimony is too general to establish that the requested fees and expenses were reasonable and necessary. *See Rohrmoos Venture*, 578 S.W.3d at 505. Furthermore, Gilbert's affidavit provides no guidance to determine the factual basis for his testimony that $20,000 in appellate attorney's fees for work in the court of appeals and $20,000 in attorney's fees and expenses for work in the Texas Supreme Court is reasonable and necessary.

In response, the Cantus argue that *El Apple* and *Rohrmoos Venture* were complicated cases involving hundreds of hours of work and the attorney's fee awards were substantially higher in those cases than the fees at issue here. They reason that "[g]iven the relatively few hours of attorney time that were required" in this case,

11

Gilbert's affidavit testimony was legally sufficient to support the awards. However, the holdings in *El Apple* or *Rohrmoos Venture* are not limited to high-dollar, complex litigation, and the Cantus have directed us to no authority for such a proposition.

We hold that the Cantus failed to conclusively prove the reasonableness and necessity of their trial and appellate attorney's fees. Because the evidence was insufficient to support the fee awards, we sustain the Taylors' first issue.

### B. Adoption of Summary Judgment Motion

The Taylors contend that the trial court erred in granting traditional and no-evidence summary judgment in favor of the Cantus based solely upon the Cantus' adoption of Brazoria County's traditional and no-evidence summary judgment motions against the Taylors.

Texas Rule of Civil Procedure 58 allows a party to adopt another party's pleadings by reference. TEX. R. CIV. P. 58. The rule provides, in relevant part, that "statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. . . ." *Id.* Rule 58 promotes efficiency by providing a mechanism to avoid the excessive reproduction of exhibits where the co-parties' claims or defenses rely on the same evidence. *Ahmed v. Shah*, No. 01-13-00995-CV, 2015 WL 222171, at *3 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (mem. op.) (citing *Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 73 (Tex.

App.—Houston [1st Dist.] 2009, no pet.)). "Because Rule 58 is a procedural tool designed to promote efficient case management, we review the trial court's use of it for an abuse of discretion." *Ahmed*, 2015 WL 222171, at *3 (citing *Allison v. Ark. La. Gas Co.*, 624 S.W.2d 566, 568 (Tex. 1981)). Parties routinely use Rule 58 in multiple-party lawsuits to adopt and join in the pleadings and motions of their co-parties. *Id.*

The Taylors acknowledge that courts of appeals, including this one, "have recognized adoption of a co-party's motion for summary judgment as a procedurally legitimate practice." *Lockett*, 285 S.W.3d at 72; *Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 700 (Tex. App.—Corpus Christi 2001), *rev'd on other grounds*, 118 S.W.3d 742 (Tex. 2003); *see also e.g.*, *Sanchez v. Deutsche Bank Nat'l Trust Co.*, No. 14–13–00272–CV, 2015 WL 3609100, at *5 (Tex. App.—Houston [14th Dist.] June 9, 2015, no pet.) (mem. op.); *Luna v. Luna*, No. 13–10–00455–CV, 2011 WL 3667465, at *2 (Tex. App.—Corpus Christi Aug. 22, 2011, no pet.) (mem. op.) (citing *Lockett* and *Chapman* for same proposition). Since *Lockett*, we have reaffirmed recognition that Texas Rule of Civil Procedure 58 permits a party to adopt a co-party's summary judgment motion by reference. *See Ahmed*, 2015 WL 222171, at *3; *Mallory v. Arctic Pipe Inspection Co., Inc.*, No. 01-12-00979-CV, 2014 WL 701123, at *6 (Tex. App.—Houston [1st Dist.] Feb. 20, 2014, no pet.) (mem. op.) (noting "the process of adoptive summary judgment is well-established").

Nonetheless, the Taylors urge us to adopt the reasoning of the Fort Worth Court of Appeals in *Camden Machine & Tool, Inc. v. Cascade Co.*, 870 S.W.2d 304 (Tex. App.—Fort Worth 1993, no writ). There, the court held that a summary judgment motion that incorporated by reference grounds from the summary judgment motions of co-defendants was insufficient as a matter of law. *See id.* at 310. In reaching its conclusion, the *Camden* court noted that the Texas Supreme Court in *McConnell v. Southside Independent School District* stated that a summary judgment motion must stand or fall on its own and the motion itself must assert the grounds relied upon. *See id.* (citing *McConnell*, 858 S.W.2d 337, 342–43 (Tex. 1993)). We decline to do so.

Under Rule 58, a party may adopt and incorporate by reference as its grounds for summary judgment the grounds alleged by a co-party when those parties share "a community of interest and identical defenses" to their co-party's claims. *Lockett*, 285 S.W.3d at 72–73. Here, the trial court properly allowed the Cantus to adopt by reference Brazoria County's traditional and no-evidence motions for summary judgment because they share Brazoria County's interest in the dispute, i.e., defending the 1911 dedication of the land as a road and the right of the public— including the Cantus—to use the road as Brazoria County asserted in its summary judgment motions and adopted by the Cantus pursuant to Rule 58. The arguments and evidence raised in Brazoria County's summary judgment motions were equally

14

applicable to the Cantus, and the Cantus' adoption of Brazoria County's motion provided the Taylors fair notice of the summary judgment grounds. *See id.* at 73 (citing *Chapman*, 41 S.W.3d at 699). We hold that the Cantus' adoption of Brazoria County's motion for summary judgment was proper. We overrule the Taylors' second issue.

## Issues Pertaining to Brazoria County

In their third issue, the Taylors contend that the trial court erred in granting no-evidence summary judgment in favor of Brazoria County because the ground on which the motion was based is not an appropriate ground for a no-evidence summary judgment motion. In their fourth issue, they argue the trial court erred in granting Brazoria County's no-evidence and traditional motions for summary judgment on the Taylors' trespass-to-try-title and nuisance causes of action because the Taylors did not plead those causes of action against Brazoria County. In their fifth issue, they assert that the trial court erred in signing the declaratory judgment because the Taylors were no longer parties to the lawsuit at the time the trial court signed the declaratory judgment and appellees failed to join them.

### A. Propriety of Jurisdictional Challenge in No-Evidence Summary Judgment Motion

The Taylors contend that the trial court erred in granting Brazoria County's no-evidence motion for summary judgment because a no-evidence summary

15

judgment may not be granted on the issue of standing as a matter of law.[3]  In response, Brazoria County argues that the issue is moot because the Taylors do not dispute that the trial court properly granted Brazoria County's traditional summary judgment on this issue.  It further argues that, even if they had, the trial court properly granted Brazoria County's traditional summary judgment motion because the evidence demonstrates that the Taylors do not own the dedicated road/right-of-way and they no longer own any property adjoining it because the property was sold to the third-party defendant, Vela Ranch, in a foreclosure sale.

In presenting this issue in their main brief, the Taylors relied on our opinion in *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785 (Tex. App.—Houston [1st Dist.] 2012, no pet.), in which we held that "a court's subject-matter jurisdiction cannot be challenged in a no-evidence motion for summary judgment."  *Id.* at 794.  However, in their supplemental reply brief, the Taylors acknowledge that the Texas Supreme Court has since decided the issue in a contrary manner.  In *Town of Shady Shores v. Swanson*, 590 S.W.3d 544 (Tex. 2019), the Court held that "[b]ecause jurisdiction may be challenged on evidentiary grounds and the burden to establish jurisdiction, including waiver of a government defendant's immunity from suit, is on the plaintiff, we see no reason to allow jurisdictional challenges via traditional

---

[3]  Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993).

16

motions for summary judgment but to foreclose such challenges via no-evidence motions." *Id.* at 551. We agree with the Taylors that while the Court addressed the issue specifically in the context of governmental immunity, the opinion is written broadly enough to encompass all challenges to subject-matter jurisdiction. *See id*.

In accordance with the holding in *Town of Shady Shores*, we overrule the Taylor's third issue.[4]

## B. Brazoria County's Summary Judgment Motion and Intervention in Suit

The Taylors argue that the trial court erred in granting Brazoria County's no-evidence and traditional motions for summary judgment on the Taylors' trespass-to-try-title and nuisance causes of action because the Taylors did not plead those causes of action against Brazoria County. In response, Brazoria County argues that the trial court properly dismissed the Taylors' claims because their lack of standing negated an essential element of their claims. It further argues that, once it intervened, it could, and did, defeat the Taylors' claims as if they had been asserted against the county.

### 1. Summary Judgment Evidence

In its summary judgment motion, Brazoria County argued that the Taylors do not own the dedicated public right-of-way or any adjoining property and, therefore,

---

[4]     We further note that the Taylors do not contend that the trial court erred in granting Brazoria County's traditional motion for summary judgment on the issue of standing.

they lack standing. It argued that the Taylors' lack of standing negates an essential element of their trespass-to-try-title and nuisance claims. To its motion, Brazoria County attached, among other things, the following evidence: (1) the 1911 Plat, Volume 2, Page 67 and deed records; (2) Affidavit of Chuck Davis, professional land surveyor, incorporating his 2015 Land Survey; (3) Trustee's Deed, recorded as document number 2016062057 in the Brazoria County Deed Records; and (4) Affidavit of Jorge Reyna, Development Coordinator, Brazoria County Engineer Department.

The 1911 plat shows that the owners subdivided 699.8 acres, including the Taylors' property, "as shown by this plat with streets and roads as shown therein which streets and roads are dedicated for use as Public ways for pedestrians and vehicles and for the convenience of the public." In Davis's affidavit, which includes a copy of his 2015 survey, he states that based on his review of the recorded plat, relevant deed records, and prior surveys, and after walking, surveying and finding the survey monuments placed by prior surveyors, "it is my opinion that the platted road/public right-of-way, which is the subject of the above-entitled and numbered cause, is a recognized platted road . . . that is 40 feet wide." In Reyna's affidavit, he states that "[b]ased on the language from the 1911 Plat, the platted road/public right-of-way is a road that is dedicated for the convenience of the public," Brazoria County has not accepted the platted road/public right-of-way into its road system,

18

which means it does not maintain the platted road/public right-of-way, yet it remains dedicated to the public unless or until it is abandoned by a Commissioners Court order," and "Brazoria County Commissioners Court has not abandoned the platted road/public right-of-way." The Trustee's Deed shows that the Taylors' property adjoining the dedicated public right-of-way was sold in a foreclosure sale to Vela Ranch on December 6, 2016, after the Taylors defaulted on their mortgage. The trial court's October 18, 2018, temporary injunction order states that the dedicated public right-of-way is dedicated to the public, is forty-feet wide, and is not owned by the Taylors.

In their summary judgment response, the Taylors argued that although the 1911 plat identifies the thirty-foot dedicated road,[5] the evidence does not show that the road is a right-of-way that belongs to Brazoria County, or that Brazoria County accepted the dedicated road, maintained the road, or exercised dominion or control over the dedicated right-of-way for which they intervened. They further argued that even if the trial court found that Brazoria County was a party in interest in the case, Brazoria County produced no evidence demonstrating that the alleged right-of-way was forty-feet wide and that, having intervened, Brazoria County sought to unjustly enrich itself with an additional ten feet of the property. Brazoria County filed

---

[5] The Taylors disputed Brazoria County's contention that the platted road was forty-feet wide and instead argued that it was only thirty-feet wide.

19

objections to the Taylors' summary judgment evidence and a summary judgment reply.

On December 21, 2018, the trial court signed three orders (1) sustaining Brazoria County's objections to the Taylors' evidence and striking the evidence in question; (2) granting Brazoria County's traditional and no-evidence summary judgment motions; and (3) granting the Cantus' traditional and no-evidence summary judgment motions and awarding them attorney's fees. The trial court's orders dismissed the Taylors with prejudice.

### 2. Taylors' Lack of Standing

"Standing is a threshold requirement to maintaining a lawsuit." *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012) (citations omitted) ("Standing is a constitutional prerequisite to suit. A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it."). To establish standing in Texas, a plaintiff must allege "a concrete injury . . . and a real controversy between the parties that will be resolved by the court." *Id*. at 154. Specifically, the plaintiff must allege a threatened or actual injury—it may not be hypothetical. *Farmers Tex. Co. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 241 (Tex. 2020) (citing *Allstate Indem. Co. v. Forth*, 204 S.W.3d 795 (Tex. 2006) (per curiam).

To prevail on a trespass-to-try title claim, a plaintiff must "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common

20

source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018) (citing *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981)). Trespass-to-try-title actions "involve detailed pleading and proof requirements." *Id.*

The law of "nuisance" seeks to balance a property owner's right to use his property "as he chooses in any lawful way" against his duty not to use it in a way that "injure[s] another." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 596 (Tex. 2016) ("To support a claim for private nuisance, the condition the defendant causes may interfere with a wide variety of the plaintiffs' interests in the use and enjoyment of their property.") "The common thread through Texas nuisance jurisprudence is that the defendant has invaded the plaintiff's property by some physical means, creating a 'condition' that substantially interferes with the plaintiff's use and enjoyment of its land." *See Amini v. Spicewood Springs Animal Hosp.*, LLC, No. 03-18-00272-CV, 2019 WL 5793115, at *11 (Tex. App.—Austin Nov. 7, 2019, no pet.) (mem. op.) (citing *Crosstex*, 505 S.W.3d at 593, 595–600). Thus, the element of ownership is inherent in both trespass and nuisance causes of action.

The summary judgment evidence shows that the Taylors do not own, nor have they ever owned, the dedicated public right-of-way. The 1911 plat and recorded deeds establish that the dedicated public right-of-way is dedicated to the public and that it was never conveyed to the Taylors' predecessors-in-title or to the Taylors.

21

Davis's and Reyna's affidavits demonstrate that the dedicated public right-of-way is a forty-foot wide recognized platted road, and that it remains dedicated to the public, despite the fact that Brazoria County has not accepted the platted road/public right-of-way into its road system (meaning it does not maintain the platted road/public right-of-way), because Brazoria County Commissioners Court has not abandoned the platted road/public right-of-way. Further, the Trustee's deed shows that the Cantus and Vela Ranch, not the Taylors, own the relevant property adjoining the dedicated public right-of-way. Because the summary judgment evidence establishes that the Taylors never owned the dedicated public right-of-way, and in fact no longer own any adjoining property,[6] Brazoria County negated an essential

---

[6] In their reply brief, the Taylors point out that the Trustee's deed was signed and filed in the real property records in December 2016. They argue that this date is significant because the Taylor's petition, which was filed on June 3, 2015, claimed damages for conduct and harm that was alleged to have occurred "[o]n or about May 1, 2015." The Taylors complained that, as of that date, the Cantus caused physical damage to their property, trespassed on their property, and created a nuisance on their property. The Taylors argue that "nothing about their losing record title to the property at issue in December 2016 stripped them of their legal standing to seek property damages from May 1, 2015 to December 2016." However, this argument ignores the fact that the Taylors' nuisance and trespass claims are premised on their contention that they own the platted road/public right-of-way and are entitled to prevent the Cantus and others from accessing it. To its second amended petition in intervention, Brazoria County attached the affidavit of Stephanie Bradford, the GIS/Data Technician and Right of Way Agent for the Brazoria County Engineering Department. In her affidavit, Bradford testified that in Summer 2014, the Taylors came to her office regarding the platted road/public right-of-way. She stated that Mr. Taylor claimed that the road was his alone and that the landowners behind his property had no right to use it. Despite being shown the plat and its dedication language, and the fact that the Taylors' deed itself references the plat, the Taylors repeatedly blocked access to the platted road/public right-of-way by various means,

22

element of the Taylors' trespass and nuisance claims. *See Lance*, 543 S.W.3d at 736 (noting that "the plaintiff in" a trespass "action must establish superior title to the property"); *Crosstex*, 505 S.W.3d at 590–91 (noting private nuisance claim arises when condition caused by defendant interferes with plaintiff's interest in use and enjoyment of its property).

The Taylors also argue that the trial court erred in granting Brazoria County's traditional and no-evidence motions for summary judgment because Brazoria County sought and received summary judgment as to issues that were entirely causes of action that existed between the Cantus and Taylors and not between the Taylors and Brazoria County. They argue that, under Texas Rule of Civil Procedure 166a, Brazoria County is not a "party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought," and therefore Brazoria County could not move for summary judgment with respect to claims pleaded only against the Cantus. *See* TEX. R. CIV. P. 166a(b). Brazoria County contends that it intervened in the Taylors' lawsuit because the platted road/public right-of-way was dedicated to the public and it has a duty to protect the public's ability to access the road.

---

including a chain, cable, gate, and/or tractors or vehicles, as well as erecting a fence and gate in the platted road/public right-of-way. As discussed above, the summary judgment evidence establishes that the Taylors do not own, nor have they ever owned, the platted road/public right-of-way.

Texas Rule of Civil Procedure 60 authorizes a party with a justiciable interest in a pending lawsuit to intervene in the suit as a matter of right. *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019). A person or entity has the right to intervene if the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990).

When lots are sold that reference a plat or dedicated streets, an irrevocable dedication to the public is created, even if the governmental entity never formally accepted the dedication. *See McLennan Cty. v. Taylor*, 96 S.W.2d 997, 998–99 (Tex. Civ. App. 1936, writ dism'd) (determining that once plat showing subdivision of lots, blocks, and streets was filed and conveyances were made referencing plat, "it amounted to a complete and irrevocable dedication of the streets shown thereon to public use . . . no formal acceptance of the dedication by the county or other organized representative of the public was necessary"); *Coombs v. City of Houston*, 35 S.W.2d 1066, 1068-69 (Tex. Civ. App. 1930) (concluding that city did not need to accept dedication because "the right which vested in the purchasers of the different lots, and through them the public, was irrevocable"); *Chappell Hill Bank v. Smith*, 257 S.W.3d 320, 329 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Adams v. Rowles*, 228 S.W.2d 849, 851 (Tex. 1950) (holding "conveyance of lots according

24

to a plat or plan of a town implies to the purchasers 'that the streets and other public places, indicated as such upon the plan, shall be forever open to the use of the public'")). The dedication remains forever vested in the county, which can develop the platted road/public right-of-way at any time it becomes necessary to do so to satisfy the public's needs. *See Coombs*, 35 S.W.2d at 1068.

Here, the 1911 plat dedicated to the public the platted road/public right-of-way and the deeds, including the Taylors' deed, reference the plat, its dedicated streets, and its lots. Owners of each tract of land along the platted road/public right-of-way have the right to utilize it to access their respective tracts of land. Brazoria County has a justiciable interest in the Taylors' lawsuit because the Taylors prevented the public's ability to use the platted road-public right-of-way. Because it could defeat the Taylors' claims as if those claims had been asserted against it, Brazoria County had a right to intervene in the suit. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657.

The trial court did not err in granting Brazoria County's traditional motion for summary judgment because it negated an essential element of the Taylors' trespass-to-try-title and nuisance claims. We overrule the Taylors' fourth issue.

### C. Declaratory Judgment

In their fifth issue, the Taylors contend that the trial court erred in signing the declaratory judgment because they have or claim an interest in the real property that

25

is the subject of the declaratory judgment, and they were no longer parties to the lawsuit at the time the trial court signed the declaratory judgment.

On December 21, 2018, the trial court granted Brazoria County's and the Cantus' no-evidence and traditional motions for summary judgment on the Taylors' trespass-to-try-title and nuisance causes of action based on the Taylors' lack of standing and dismissed the Taylors from the case. On March 6, 2019, Brazoria County and the Cantus filed a motion for summary judgment—declaratory judgment requesting a declaration that (1) the dedicated public right-of-way was dedicated to the public; (2) it remains dedicated to the public; (3) it is forty-feet wide; (4) no one shall obstruct others' access to and use of it; and (5) a fence is located within the dedicated public right-of-way, impeding the public's access to and use of it. The Taylors filed a response and objection to the motion.

On April 9, 2019, the trial court entered an order striking the Taylors' late response and granting Brazoria County's and the Cantus' declaratory judgment. In the order, which contains numerous findings of fact, the trial court ordered that

> (i) The Taylors shall refrain from obstructing access to the Dedicated Public ROW, and the Taylors shall refrain from interfering with the public access to and use of the Dedicated Public ROW.

> (ii) The Taylors shall remove all obstructions impeding the public's access to and use of the Dedicated Public ROW, including the southernmost fence they placed within the boundaries of the Dedicated Public ROW.

26

(iii) If, after receiving written notice of this Declaratory Judgment, the Taylors fail to promptly remove all said obstructions, any party to this case or any other interested party is **AUTHORIZED TO IMMEDIATELY REMOVE** all obstructions impending the public's access to and use of the Dedicated Public ROW, including the southernmost fence the Taylors placed within the boundaries of the Dedicated Public ROW.

(iv) The remaining parties in this case shall be allowed such writs and processes as may be needed for the enforcement of this Judgment.

This **PERMANANENT AND FINAL JUDMGENT** finally disposes of all parties and all claims in this case.

Section 37.006(a) of the Texas Civil Practice and Remedies Code provides, in relevant part: "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM. CODE 37.006(a). The Taylors argue that, based upon this language, the trial court erred in adjudicating the Taylors' real property rights because the trial court had previously declared that the Taylors were no longer parties to the lawsuit as of December 21, 2018. They argue that their dismissal from the suit denied them any meaningful opportunity to contest the trial court's April 9 declaratory judgment order adjudicating their property rights.

"When a party asserts section 37.006(a) as a bar to any judgment favoring a party who has failed to join all necessary parties to his or her suit, Rule of Civil Procedure 39's standards govern." *Amboree v. Bonton*, 575 S.W.3d 38, 44 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Brooks v. Northglen Ass'n*, 141

27

S.W.3d 158, 162–64 (Tex. 2004) and *Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385, 390 (Tex. 1977)).  Rule 39(a)(2) relates to a non-joined party who:

> claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

TEX. R. CIV. P. 39(a).

"There is no litmus paper test for determining whether a particular party is indispensable" under Section 37.006(a) and Rule 39.  *Amboree*, 575 S.W.3d at 45 (quoting *Sage St. Assocs. v. Fed. Ins. Co.*, 43 S.W.3d 100, 104 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  We therefore "must examine the surrounding facts and circumstances of the case to determine if the interests of an absent party will be prejudiced and if an adequate judgment can be rendered for the parties before the court."  *Id.* (quoting *Sage St. Assocs.*, 43 S.W.3d at 104).  Rarely is a failure to comply with Section 37.006(a) a jurisdictional bar.  *See Brooks*, 141 S.W.3d at 163 ("[I]t would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives a court of jurisdiction. . . . .") (quoting *Cooper v. Tex. Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex. 1974)).  Instead, a failure to comply with Section 37.006(a) usually triggers an analysis of

"whether the trial court should have refused to enter a judgment" until the necessary parties are joined. *See id.* at 162 (citing *Cooper*, 513 S.W.2d at 204).

As an initial matter, we note that the Taylors did not object to not being rejoined as a party in their response to the declaratory judgment or in any other motion. *See* TEX. R. APP. P. 33.1. Having failed to do so, they waived any joinder argument on appeal. *See id.*; *Brooks*, 141 S.W.3d at 163 (concluding party waived joinder argument by failing to raise it in trial court).

Citing our decision in *Amboree*, Brazoria County contends that even if the Taylors could claim a theoretical "interest" in the dedicated public right-of-way via Vela Ranch's property,[7] the trial court properly granted the declaratory judgment because the Taylors were not indispensable parties. In *Amboree*, a former charter school employee filed suit against the school's board and officers for, in part, declaratory relief. 575 S.W.3d at 40–41. The board and officers argued that the school, which was not served or named as a party, should have been joined as "an indispensable party." *Id.* at 41-42. After an extensive review of the relevant case law concerning joinder requirements, this Court concluded that the school was not an indispensable party under Section 37.006(a) and Rule 39. *See id.* at 51. In reaching this conclusion, we noted that "this is not a situation where a judgment

---

[7]     Brazoria County assumes "[the Taylors] claim this theoretical 'interest' via Vela Ranch's property [] as [the Taylors] failed to point to anything in the record that describes or defines this 'interest.'"

29

would adversely affect the interests of absent parties who had no opportunity to assert their rights," and that the school's board and officers could adequately protect the school's interests before the trial court upon remand. *Id.* at 50 (quotations omitted).

Here, the Taylors were not an absent indispensable party because they had an opportunity to assert their rights in the trial court (including in their response to the declaratory judgment), which they did from the time they filed their lawsuit in 2015. Further, the Taylors' claimed interest was subsumed and inferior to Vela Ranch's superior interest in its own property and therefore could be represented by Vela Ranch, who did not oppose the declaratory judgment. Finally, as Brazoria County points out, even if the Taylors later purchase Vela Ranch's property, it would be subject to the declaratory judgment and the interest of their predecessors-in-title who, as evidenced by the 1911 plat and recorded deeds, never owned the public right-of-way. *Lance*, 543 S.W.3d at 740-43 (agreeing that defendants could not claim ownership of property and, thus, could not prevent neighbors from accessing it because predecessors-in-title had no such ownership to convey and therefore defendants lacked standing to assert claim).

Having concluded that the Taylors are not an indispensable party, we hold that the trial court did not err in granting declaratory judgment. We overrule the Taylors' fifth issue.

## Conclusion

We reverse in part the trial court's December 21, 2018 summary judgment order in the Cantus' favor awarding them trial and appellate attorney's fees, and we remand the case to the trial court solely for redetermination of attorney's fees and expenses in accordance with this opinion. We affirm the remainder of the summary judgment. We affirm the trial court's December 21, 2018 summary judgment order in Brazoria County's favor. We further affirm the trial court's April 9, 2019 order granting declaratory judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Countiss.